## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONALDO PAUL, *on behalf of himself and those similarly situated,*<br>9 Freeman Street<br>West Orange, NJ 07052 | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA |
| and | INDIVIDUAL AND CLASS ACTION FOR UNLAWFUL DEDUCTIONS NJWPL |
| MICHAEL MCDERMOTT, *on behalf of himself and those similarly situated,*<br>469 River Styx Road<br>Hopatcong, NJ 07843 | No.<br><br>**JURY TRIAL DEMANDED** |
| and | |
| FRED MITCHKO, *on behalf of himself and those similarly situated,*<br>47 Split Rock Road<br>Boonton, NJ 07005 | |
| Plaintiffs, | |
| v. | |
| EMPIRE INTERNATIONAL, LTD d/b/a EMPIRE CLS,<br>225 Meadowlands Pkwy<br>Secaucus, NJ 07094 | |
| and | |
| DAVID SEELINGER,<br>c/o EMPIRE INTERNATIONAL, LTD d/b/a EMPIRE CLS,<br>225 Meadowlands Pkwy<br>Secaucus, NJ 07094 | |
| Defendants. | |

## FIRST AMENDED INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiffs Yonaldo Paul, Michael McDermott, and Fred Mitchko (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly

1

situated, by and through undersigned counsel, hereby complain as follows against Defendants Empire International, LTD d/b/a Empire CLS and David Seelinger (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage Payment Law ("NJWPL"). Named Plaintiffs assert that Defendants failed to pay proper overtime wages to them and other similarly situated individuals in violation of the FLSA.   Named Plaintiffs also assert that Defendants unlawfully diverted and/or withheld wages from them and other similarly situated individuals.   As a result of Defendants' unlawful actions, Named Plaintiffs and those similarly situated have suffered damages.

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq.   This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

5.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and

because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

<u>**PARTIES**</u>

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff Yonaldo Paul (hereinafter "Named Plaintiff Paul") is an adult individual with an address as set forth above.

8.      Named Plaintiff Michael McDermott (hereinafter "Named Plaintiff McDermott") is an adult individual with an address as set forth above.

9.      Named Plaintiff Fred Mitchko (hereinafter "Named Plaintiff Mitchko") is an adult individual with an address as set forth above.

10.     Defendant Empire International, LTD (hereinafter "Defendant Empire") is a limousine company that operates in New Jersey and is located at the address as set forth above.

11.     Defendant David Seelinger (hereinafter "Defendant Seelinger") is an adult individual and the majority owner and CEO of Defendant Empire.

12.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

13.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14.     In addition to bringing this action individually, Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as drivers or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point during the time period

3

from three years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Collective Plaintiffs").

15.     Named Plaintiffs and Collective Plaintiffs are similarly situated, were subject to substantially similar pay provisions and are all subject to Defendants' unlawful policies and practices as discussed infra.

16.     There are numerous similarly situated current and former employees of Defendants who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17.     Similarly situated employees (i.e. Collective Plaintiffs) are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

19.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

20.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claim for relief to redress Defendants' violations of the New Jersey Wage Payment Law on behalf of themselves and those similarly situated.

21.     Specifically, Named Plaintiffs seek to represent a class of all persons presently and formerly employed by Defendants as drivers who worked in New Jersey and were subject to the unlawful withholding policies of Defendants, as discussed infra, at any point during the time

period from six (6) years preceding the date the instant action was initiated through the present (members of this putative class are referred to as "Class Plaintiffs").

22.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is over 40 individuals.

23.     Named Plaintiffs' claims are typical of the claims of the Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, were/are employees of Defendants in New Jersey within the last six (6) years from whom Defendants unlawfully withheld wages.

24.     Named Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class.   Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

25.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for

individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

27.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class are whether Defendants' withholding of wages for personal vehicle use violated the New Jersey Wage Payment Law.

## FACTUAL BACKGROUND

28.     The foregoing paragraphs are incorporated herein as if set forth in full.

29.     From on or about August 8, 2015 until August 1, 2017, Named Plaintiff Paul worked for Defendants as a chauffeur.

30.     From on or about June 25, 2015 until August 10, 2017, Named Plaintiff McDermott worked for Defendants as a chauffeur.

31.     From on or about November 30, 2009 until June 5, 2015, Named Plaintiff Mitchko worked for Defendants as a chauffeur.

32.     Collective and Class Plaintiffs worked/work for Defendants as chauffeurs.

### Named Plaintiffs and Collective Plaintiffs were Non-Exempt Employees Under the FLSA

33.     The foregoing paragraphs are incorporated herein as if set forth in full.

34.     Named Plaintiffs primarily drove sedans that were designed and used to transport less than 9 passengers including the driver.

35.     The sedans that Named Plaintiffs drove weighed less than 10,001 pounds.

36.     Collective Plaintiffs primarily drove/drive sedans that were designed and used to transport less than 9 passengers including the driver.

37.     The sedans that Collective Plaintiffs drove/drive weighed/weigh less than 10,001 pounds.

38.     The sedans that Named Plaintiffs drove did not contain a meter.

39.     The sedans that Collective Plaintiffs drove/drive did/do not contain a meter.

40.     Defendant Empire is not a licensed taxicab company.

41.     At no time did Named Plaintiffs hire or fire any employees of Defendants.

42.     At no time did Collective Plaintiffs hire or fire any employees of Defendants.

43.     At no time did Named Plaintiffs supervise any employees of Defendants.

44.     At no time did Collective Plaintiffs supervise any employees of Defendants.

45.     At no time did Named Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

46.     At no time did Collective Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

47.     Accordingly, Named Plaintiffs and Collective Plaintiffs were/are, within the meaning of the FLSA, non-exempt hourly employees of Defendants.

### **Failure to Use a "Weighted Average" to Calculate the Regular Rate**
### **(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

48.     The foregoing paragraphs are incorporated herein as if set forth in full.

49.     Named Plaintiffs regularly worked shifts scheduled to last twelve (12) hours.

50.     Named Plaintiffs regularly worked five (5) to six (6) shifts per workweek (one shift per day).

51.     Accordingly, Named Plaintiffs regularly worked over 40 hours in a workweek.

52.     Collective Plaintiffs regularly worked/work shifts scheduled to last twelve (12) hours.

53.     Collective Plaintiffs regularly worked/work five (5) to six (6) shifts per workweek (one shift per day).

54.     Accordingly, Collective Plaintiffs regularly worked/work over 40 hours in a workweek.

55.     Defendants compensated Named Plaintiffs by paying them an hourly rate and commissions in the form of a percentage of the amount billed to the client for each trip (less certain deductions made by Defendants).

56.     Additionally, Defendants paid Named Plaintiffs an overtime premium in the amount of 50% their hourly rate for each hour worked over 40 hours in a workweek as determined by Defendants' time-tracking practices.

57.     Defendants compensated/compensate Collective Plaintiffs by paying them an hourly rate and commissions in the form of a percentage of the amount billed to the client for each trip (less certain deductions made by Defendants).

58.     Additionally, Defendants paid/pay Collective Plaintiffs an overtime premium in the amount of 50% their hourly rate for each hour worked over 40 hours in a workweek as determined by Defendants' time-tracking practices.

59.     Defendants failed to properly calculate Named Plaintiffs' regular rates by not adding together all the remuneration earned by Named Plaintiffs during a workweek and dividing the total by the total number of hours worked by them, which resulted in Defendants failing to pay at least one and one-half times the regular rate to Named Plaintiffs for all hours worked over 40 hours in each workweek.

60.     By way of example only, during Named Plaintiff Paul's 2-week pay period from November 8, 2015 to November 21, 2015 (a copy of Named Plaintiff Paul's pay stub for this pay period is attached hereto as Exhibit A):

a.  Named Plaintiff Paul worked a total of 138 hours (80 regular hours and 58 overtime hours).

b.  Defendants paid Named Plaintiff Paul an hourly rate of $8.38 for each hour worked ($8.38 * 138 hours = $1,156.44).

c.  Defendants also paid Named Plaintiff Paul an overtime premium of $4.19 per hour for each hour worked over 40 hours ($4.19 * 58 hours = $243.02).

d.  Finally, Defendants paid Named Plaintiff Paul commissions totaling $869.62 (styled as "Tips" on the pay stub).

e.  In calculating Named Plaintiff Paul's correct regular rate, Defendants should have used a weighted average by adding together all remuneration (excluding overtime premiums) ($1,156.44 + $869.62 = $2,026.06) and then dividing the total amount by the total number of hours worked during the week ($2,026.06 / 138 hours), which yields a regular rate of $14.681 per hour.

f.  Accordingly, Defendants should have paid Named Plaintiff Paul an overtime premium rate of $7.430 per hour ($14.681 * 0.5) and therefore a total of $430.94 in overtime premium wages ($7.430 * 58 overtime hours).

g.  Accordingly, Defendants shorted Named Plaintiff Paul $187.92 in overtime premium wages ($430.94 – $243.02) during this pay period.

61.     By way of another example only, during Named Plaintiff Mitchko's 2-week pay period from May 24, 2015 to June 6, 2015 (a copy of Named Plaintiff Mitchko's pay stub for this pay period is attached hereto as Exhibit B):

   a.  Named Plaintiff Mitchko worked a total of 138.25 hours (80 regular hours and 58.25 overtime hours).

   b.  Defendants paid Named Plaintiff Mitchko an hourly rate of $9.38 for each hour worked ($9.38 * 138.25 hours = $1,296.79).

   c.  Defendants also paid Named Plaintiff Mitchko an overtime premium of $4.69 per hour for each hour worked over 40 hours ($4.69 * 58.25 hours = $273.19).

   d.  Finally, Defendants paid Named Plaintiff Mitchko commissions totaling $1,016.19 (styled as "Tips" on the pay stub).

   e.  In calculating Named Plaintiff Mitchko's correct regular rate, Defendants should have used a weighted average by adding together all remuneration (excluding overtime premiums) ($1,296.79 + $1,016.19 = $2,312.98) and then dividing the total amount by the total number of hours worked during the week ($2,312.98 / 138.25 hours), which yields a regular rate of $16.73 per hour.

   f.  Accordingly, Defendants should have paid Named Plaintiff Mitchko an overtime premium rate of $8.365 per hour ($16.73 * 0.5) and therefore a total of $487.26 in overtime premium wages ($8.365 * 58.25 overtime hours).

   g.  Accordingly, Defendants shorted Named Plaintiff Mitchko $214.07 in overtime premium wages $487.26 – $273.19) during this pay period.

62.     The above are merely two examples of Defendants' practice of failing to calculate Named Plaintiffs' regular rates correctly.

63.     Defendants failed to pay Named Plaintiffs proper overtime wages in this way in every workweek in which Named Plaintiffs worked over 40 hours.

64.     Defendants failed to properly calculate Collective Plaintiffs' regular rates by not adding together all the remuneration, including commissions, earned by Collective Plaintiffs during a workweek and dividing the total by the total number of hours worked by them, which resulted in Defendants failing to pay at least one and one-half times the regular rate to Collective Plaintiffs for all hours worked over 40 hours in each workweek.

65.     Defendants failed to pay Collective Plaintiffs proper overtime wages in this way in every workweek in which Collective Plaintiffs worked over 40 hours.

66.     As a result of the foregoing, Named Plaintiffs and Collective Plaintiffs suffered damages.

### Unlawful Withholdings for Personal Use of Work Vehicles
#### (Named Plaintiffs and Class Plaintiffs v. Defendants)

67.     The foregoing paragraphs are incorporated herein as if set forth in full.

68.     Named Plaintiffs and Class Plaintiffs performed their chauffeur duties using vehicles owned by Defendants.

69.     Defendants provided Named Plaintiffs and Class Plaintiffs with the option of taking their work vehicles home in between their shifts.

70.     Otherwise, Defendants required the work vehicles to be stored at Defendants' premises in between Named Plaintiffs' and Class Plaintiffs' shifts.

71.     At all times during the six (6) years prior to the filing of the instant action through the present, Defendant Empire has enjoyed the following benefits as a result of its chauffeurs taking their work vehicles home in between shifts:

a.  The chauffeur's homes, which were/are located throughout New Jersey and its neighboring states effectively served as small branches of Defendant Empire, dotting the map and enabling Defendant Empire to match chauffeurs to clients based on geographical location, thus increasing Defendant Empire's market reach and its efficiency in serving its customers without having to open regional branches;

b.  Defendant Empire has access to a larger geographical labor market since an individual does not have to live near Defendant Empire to work as a chauffeur for Defendant Empire;

c.  Likewise, since Defendant Empire's chauffeurs do not need a personal vehicle or access to public transportation to commute to Defendant Empire, Defendant Empire has access to a larger pool of potential employees.

d.  Since chauffeurs (who keep their vehicles at home) directly drive to and from their first and last customers, respectively, rather than first driving to Defendant Empire to pick up or drop off their work vehicles, Defendant Empire can schedule its chauffeurs for work during a longer window of time (i.e. 12-hour shifts).

72.     In addition to receiving the above-described benefits from chauffeurs taking their work vehicles home in between shifts, Defendants charged Named Plaintiffs and Class Plaintiffs for taking their work vehicles home.

73.     Specifically, Defendants withheld between $60.00 and $85.00 of Named Plaintiffs' and Class Plaintiffs' wages each workweek.

74.     At no time were Defendants required or empowered by New Jersey law to withhold wages from Named Plaintiffs and Class Plaintiffs in exchange for the ability to take their work vehicles home in between shifts.

75.     Moreover, Defendants placed significant restrictions on Named Plaintiffs' and Class Plaintiffs' use of their work vehicles in between their shifts including, but not limited to, the following ways:

      a.  Defendants restricted chauffeurs' personal use of their work vehicle to a geographical area (i.e. with a twenty (20) mile radius of the chauffeur's home);

      b.  Defendants prohibited its chauffeurs from transporting non-customers (i.e. friends and family members) in their work vehicles;

      c.  If a chauffeur worked only five (5) days per workweek rather than six (6) days, Defendants required the chauffeur to return his or her work vehicle for the two (2) days they were not working a shift; and

      d.  Defendants tracked the chauffeurs' work vehicles at all times using GPS, which the chauffeurs could not disable during non-working hours.

76.     Accordingly, while Defendants couched the wage withholdings as payment for Named Plaintiffs' and Class Plaintiffs' "personal" use of their work vehicles, Defendants effectively restricted/restrict Named Plaintiffs and Class Plaintiffs from using their work vehicles for any personal reason other than commuting to and from their first and last assignments, respectively.

77.     As a result of Defendants' aforesaid illegal actions, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

78.     The foregoing paragraphs are incorporated herein as if set forth in full.

79.     At all times relevant herein, Defendants were and continue to be employers within the meaning of the FLSA.

80.     At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were/are employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

81.     At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

82.     Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked over forty (40) hours per workweek.

83.     Defendants' violations of the FLSA include not paying Named Plaintiffs and Collective Plaintiffs at least one and one-half times their regular rate for hours worked over forty (40) hours per workweek by failing to calculate their regular rate correctly by using a weighted average.

84.     Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

85.     As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
## Violations of the New Jersey Wage Payment Law
### (Named Plaintiffs and Class Plaintiffs v. Defendants)
### (Unlawful Withholding of Wages)

86.     The foregoing paragraphs are incorporated herein as if set forth in full.

87.     At all times relevant herein, Defendants stand/stood in an Employer/Employee relationship with Named Plaintiffs and Class Plaintiffs under the New Jersey Wage Payment Law.

88.     At all times relevant herein, Defendants are/were responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

89.     Defendants violated the New Jersey Wage Payment Law by withholding wages from Named Plaintiffs and Class Plaintiffs for unlawful purposes.

90.     As a result of Defendants' conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3)     Named Plaintiffs and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4)      Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(5)      Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

 *s/ Matthew Miller*               
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: November 22, 2017

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.